UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RAIMUNDO NASCIMENTO,

                Plaintiff,

    - v. -

ESSEX INSURANCE COMPANY, U.S.
UNDERWRITERS INSURANCE
COMPANY and THE BURLINGTON
INSURANCE COMPANY

                Defendants.
------------------------------------------------------X

Case No.:  07 CV 5468 (GEL)

## DEFENDANT ESSEX INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Steven J. Fried, Esq.
CLAUSEN MILLER P.C.
Attorneys for Defendant
Essex Insurance Company
One Chase Manhattan Plaza
New York, New York 10005
(212) 805-3900

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF FACTS .................................................................................................. 1

ARGUMENT AND AUTHORITIES ................................................................................. 1

# TABLE OF AUTHORITIES

**Cases**

Lang v. Hanover Insurance Company, 787 N.Y.S.2d 211 (2004)

Madeira v. Affordable Housing Foundation, Inc., 469 F.3d 219 (2nd Cir. 2006)

Murphy v. Federal Insurance Company, 2005 WL 957410 (S.D.N.Y. 2005)

St. Paul Fire and Marine Insurance Co. v. Universal Builders Supply, 409 F.3d 73 (2nd Cir. 2005)

**Statutes**

Insurance Law §3420(a)(2)

## Statement of Facts

Raimundo Nascimento, plaintiff in this declaratory action, is the plaintiff in a separate lawsuit against Bridgehampton Construction Corp. ("Bridgehampton") where he alleges that Bridgehampton is liable to him for damages he allegedly suffered as the result of bodily injuries he sustained while performing work on a single family residence. As plaintiff stated in his complaint in this declaratory action, Bridgehampton commenced a third party action against Figuerido Construction, Inc. and Bayview Building and Framing Corp. where Bridgehampton is seeking indemnification and contribution from Bayview for damages Bridgehampton may be obligated to pay to plaintiff.

Essex Insurance Company insured Bayview under policy number 3CR5589 (a copy of the policy is attached as **Exhibit A** to the Certification of Steven J. Fried) and, upon receiving notice of the third party lawsuit against Bayview, disclaimed coverage for same.

Mr. Nascimiento recently filed this declaratory action asking the Court to declare, in relevant part, that Essex is obligated to defend and indemnify Bayview for the third party lawsuit filed against Bayview by Bridgehampton.

## Argument and Authorities

The United States Court of Appeals, Second Circuit and this Court have firmly applied the law as laid out in Insurance Law Section 3420(a)(2) and as mandated by New York's Court of Appeals in <u>Lang v. Hanover Insurance Company</u>, 3 N.Y.3d 350, 787 N.Y.S.2d 211 (2004) and held that an injured person has no right to maintain a lawsuit against a tortfeasor's insurance company until the injured party first obtains a judgment against the tortfeasor, serves the insurance company with a copy of the judgment, and the judgment remains unsatisfied after 30 days. See <u>Madeira v. Affordable Housing Foundation, Inc.</u>, 469 F.3d 219, 252 (2nd Cir. 2006);

1

St. Paul Fire and Marine Insurance Company v. Universal Builders Supply, 409 F.3d 73, 83 (2nd Cir. 2005), Murphy v. Federal Insurance Co., 2005 WL 957410 at page 2 (S.D.N.Y. 2005); Lang v. Hanover Insurance Company, 3 N.Y.3d 350, 787 N.Y.S.2d 211 (2004).

Here, Mr. Mascimento is not a party to the subject insurance policy and has not obtained a judgment against the named insured, Bayview and, in fact, has no direct claim against Bayview and, therefore, has no standing to maintain this declaratory action against Essex Insurance Company. Mr. Nascimento, since he has no standing to maintain this action against Essex Insurance Company, has failed to state a claim upon which relief can be granted and his complaint against Essex Insurance Company should, therefore, be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. It is, therefore, respectfully requested that defendant Essex Insurance Company's motion to dismiss be granted in its entirety and that plaintiff's case against Essex Insurance Company be dismissed.

Dated:  New York, New York
        July 19, 2007

Yours, etc.

Steven J. Fried, Esq.
CLAUSEN MILLER, P.C.
Attorneys for Defendant
Essex Insurance Company
One Chase Manhattan Plaza
New York, New York 10005
(212) 805-3900

TO: John E. Durst, Jr. Esq.
    The Durst Law Firm
    **Attorneys for Plaintiffs**
    319 Broadway
    New York, New York 10007

2

U.S. Underwriters Ins. Co.
190 South Warner Road
Wayne, PA 19087-2191

The Burlington Insurance Co.
238 International Road
Burlington, NC 27215

3