UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAIMUNDO NASCIMENTO,

                Plaintiff,

   - v. -

ESSEX INSURANCE COMPANY, U.S.
UNDERWRITERS INSURANCE
COMPANY and THE BURLINGTON
INSURANCE COMPANY

                Defendants.
------------------------------------------------------------X

Case No.: 07 CV 5468 (GEL)

**CERTIFICATION OF STEVEN J. FRIED IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

### CERTIFICATION OF STEVEN J. FRIED

Steven J. Fried, Esq., a member of the Bar of this Court, respectfully moves this Court to dismiss the entire Complaint filed against Defendant, Essex Insurance Company ("Essex") per Federal Rule of Civil Procedure 12(b)(6) because plaintiff's complaint fails to state a claim upon which relief can be granted, and in support thereof states as follows:

**I. MATERIAL FACTS**

1. Plaintiff Raimundo Nascimento filed this lawsuit against Essex, amongst others, asking the Court to declare that Essex is obligated under a certain insurance policy it issued to Bayview Building and Framing Corp. (Essex Insurance Company Policy Number 3CR5589) to defend and indemnify Bayview Building and Framing Corp. ("Bayview") in a third-party lawsuit filed against Essex by Bridgehampton Construction Corp., all relating to a first party personal injury action filed by Mr. Nascimento against Bridgehampton Construction Corp. in the United States District Court, Southern District of New York.

223754.1

2. Plaintiff Nascimento has no standing to maintain this action against Essex Insurance Company because he is not a party to the insurance policy in question (see copy of policy; Exhibit A) and because he has not obtained a judgment against Bayview.

3. As outlined in Essex Insurance Company's Memorandum of Law, Insurance Law Section 3420(a)(2) permits an injured plaintiff like Mr. Nascimento to maintain a lawsuit against an insurer only after the injured plaintiff has obtained a judgment against the insurer's insured.

4. Here, Mr. Nascimento has not only not obtained a judgment against Bayview, Essex Insurance Company's insured, but does not even have a direct claim against Bayview in his lawsuit (a copy of Mr. Nascimento's lawsuit is attached as Exhibit B) and, therefore, has no standing to maintain this declaratory action and has failed to state a claim upon which relief can be granted.

5. Therefore, Essex Insurance Company respectfully requests that, per Federal Rule of Civil Procedure 12(b)(6), the Court grant its motion to dismiss plaintiff's Complaint against it because plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendant, Essex Insurance Company respectfully prays that this Honorable Court dismiss the entire Complaint, and for such other and further relief as this Court deems just and proper.

Dated: July 20, 2007

CLAUSEN MILLER P.C.

By: _____
Steven J. Fried, Esq (SJF3637))
One Chase Manhattan Plaza, 39th Floor
New York, NY 10005
Tele: 212/805-3940
Fax: 212/805-3939

2

223754.1

TO: John E. Durst, Jr. Esq.
The Durst Law Firm
**Attorneys for Plaintiffs**
319 Broadway
New York, New York 10007

U.S. Underwriters Ins. Co.
190 South Warner Road
Wayne , PA 19087-2191

The Burlington Insurance Co.
238 International Road
Burlington, NC 27215

223754.1