**JUDGE LYNCH**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
RAIMUNDO NASCIMENTO,

        Plaintiffs,

-against-

BRIDGEHAMPTON CONSTRUCTION CORP.,

        Defendant.
---------------------------------X

**06 CV 6381**

Civil Action No.:



COMPLAINT

RECEIVED
AUG 2 2 2006
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, by his attorneys, THE DURST LAW FIRM, P.C., alleges the following:

### JURISDICTION

1. At all times hereinafter mentioned, the plaintiff was and is a resident of the State of New Jersey.

2. At all times hereinafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP. was and is a corporation incorporated under the laws of the State of New York.

3. At all times hereinafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP.'s principal place of business was in the State of New York, County of Suffolk.

4. Jurisdiction lies due to diversity of citizenship.

5. The amount in controversy exceeds One Hundred Thousand ($100,000.00) Dollars.

## A CAUSE OF ACTION FOR NEGLIGENCE

6. At all times hereinafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP., was a domestic corporation, incorporated under the laws of the State of New York.

7. At all times hereafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP., was a foreign corporation.

8. At all times hereinafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP., was authorized to do business in the State of New York.

9. At all times hereinafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP., was the General Contractor at a site located at 2 Paumanok Road, Bridgehampton, New York.

10. At all times hereinafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP., was the Construction Manager at a site located at 2 Paumanok Road, Bridgehampton, New York.

11. At all times hereinafter mentioned, construction, demolition, or renovation work was being performed at said site located at 2 Paumanok Road, Bridgehampton, New York.

12. At all times hereinafter mentioned, the defendant BRIDGEHAMPTON CONSTRUCTION CORP., employed various contractors and subcontractors to perform labor on said site located at 2 Paumanok Road, Bridgehampton, New York.

13. One of the subcontractors employed to perform labor on said site was Figueredo Construction, Inc.

14. The plaintiff is currently receiving workers compensation benefits from said Figueredo Construction, Inc.

15. At all times hereinafter mentioned, the defendant owed a duty to those employed to perform labor at the construction project to provide them with a safe place to work, pursuant to the New York State Labor Law.

16. At all times hereinafter mentioned, the defendant owed a duty to construct, arrange, operate and conduct the labor at the construction project so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such place.

17. At all times hereinafter mentioned, the defendant owed a duty to place, operate, guard, and light all machinery, equipment, and devices at such construction project as to provide reasonable and adequate protection to all persons employed therein or lawfully frequenting such place.

18. At all times hereinafter mentioned, the defendant owed a duty to furnish scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which were constructed, placed and operated as to give protection to the plaintiff.

19. At all times hereinafter mentioned, the defendant owed a duty to construct, shore, equip, guard, arrange, operate, and conduct all areas, buildings, or structures in which

construction was being performed so as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such place.

20. At all times hereinafter mentioned, the defendant failed in the duties set forth above, as well as common law standards of care and prudence.

21. At all times hereinafter mentioned, said site contained an area which was in a dangerous and defective condition.

22. Prior to August 5, 2005, the defendant had actual knowledge of said dangerous and defective condition.

23. Prior to August 5, 2005, the defendant had constructive knowledge of said dangerous and defective condition.

24. Prior to August 5, 2005, the defendant had a reasonable opportunity to inspect, correct, repair, and maintain said property, to prevent said dangerous and defective condition of said property.

25. The defendant is subject to absolute liability as a general contractor pursuant to the New York Labor Law.

26. On or about August 5, 2005, the plaintiff RAIMUNDO NASCIMENTO was injured while in the course of his employment on said site, when he fell from a ladder.

27. The defendant were careless, negligent and reckless in creating said condition, permitting said condition to

exist, and failing to correct said condition; and in violating said statutes, breaching said duties, and breaching said common law standards of care.

28. The injury to RAIMUNDO NASCIMENTO was proximately caused by the aforesaid carelessness, negligence, recklessness, violation of statutes, breach of duties, and breach of common law standards of care, of the defendant.

29. As a result of the foregoing, the plaintiff RAIMUNDO NASCIMENTO has suffered compensatory damages in the amount of Three Million ($3,000,000.00) Dollars.

### A CAUSE OF ACTION FOR VIOLATION OF THE NEW YORK STATE LABOR LAW

30. The plaintiff repeats and reiterates the allegations set forth in the First Cause of Action for Negligence, as if fully set forth in the Cause of Action for Violation of the New York State Labor Law.

31. The defendant violated New York State Labor Law Section 240(1).

32. The defendant violated New York State Labor Law Section 241(6).

33. The injury to RAIMUNDO NASCIMENTO was proximately caused by the aforesaid violations of the Labor Law by the defendant.

34. As a result of the foregoing, the plaintiff RAIMUNDO NASCIMENTO has suffered compensatory damages in the amount of Three Million ($3,000,000.00) Dollars.

WHEREFORE, the plaintiff RAIMUNDO NASCIMENTO demands compensatory damages in the amount of Three Million ($3,000,000.00) Dollars in the Cause of Action for Negligence; and compensatory damages in the amount of Three Million ($3,000,000.00) Dollars in the Cause of Action for Violation of the New York State Labor Law; together with the costs of this action.

THE DURST LAW FIRM, P.C.

John E. Durst, Jr. (6544)
Attorneys for plaintiffs
319 Broadway
New York, New York 10007
(212) 964-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X   Civil Action No.:
RAIMUNDO NASCIMENTO

               Plaintiffs,

-against-

BRIDGEHAMPTON CONSTRUCTION CORP.,

               Defendant.
------------------------------------X

            CERTIFICATION OF ATTORNEY

I hereby certify that I have read the Complaint, that to the best of my knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Dated:    New York, New York
           August 22, 2006

                                    John E. Durst, Jr. (6544)