UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAIMUNDO NASCIMENTO,

                    Plaintiff,

     - against –

ESSEX INSURANCE COMPANY, U.S. UNDERWRITERS
INSURANCE COMPANY and THE BURLINGTON
INSURANCE COMPANY,

                    Defendants.
------------------------------------------------------------------X

Index No.: 07-05468

**ANSWER WITH COUNTERCLAIMS AND CROSS-CLAIMS**

Defendant, U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. UNDERWRITERS"), by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, hereby answers plaintiff's Complaint, ("the complaint") upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the complaint.

4. Denies the allegations contained in paragraph "4" of the complaint.

5. Admits the truth of allegations contained in paragraph "5 of the complaint.

6. Admits the truth of the allegations contained in paragraph "6" of the complaint.

7. Denies the allegations contained in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of he allegations contained in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

## ANSWERING THE CAUSE OF ACTION FOR A DECLARATORY JUDGMENT

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint.

19. Denies the allegations contained in paragraph "19" of the complaint, except admits that a policy was issued and refers the Court to that policy, leaving all issues of fact and law to be determined by the Court.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the complaint.

27. Denies the allegations contained in paragraph "27" of the complaint, except admits that coverage has been denied and disclaimed.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred by the statute of frauds.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33. Plaintiff lacks standing to sue U.S. UNDERWRITERS.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff is barred from suing U.S. UNDERWRITERS pursuant to the Insurance Law of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff has no basis to seek relief on behalf of Figueiredo Construction, Inc.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

36. U.S. UNDERWRITERS issued a policy of insurance to R&L Carpentry Corp. (the "policy").

37. The policy includes the following provision:

**Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)    The amount we will pay for damages is limited as described in Section III -— Limits Of Insurance; and

4

       (2)      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.      This insurance applies to "bodily injury" and "property damage" only if:

       (1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

       (2)      The "bodily injury" or "property damage" occurs during the policy period; and

       (3)      Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury' or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily Injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.      "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

       (1)      Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

       (2)      Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

38. The policy also includes the following provision:

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

  **a.** You must see to it that we are notified as soon as practicable of an "occurrence' or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The names and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.** If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit";

    (2) Authorize us to obtain records and other information;

    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

  (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

 d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

39. Notice was not timely provided to U.S. UNDERWRITERS.

40. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

41. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

42. The policy includes the following provision:

### EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS, SUBCONTRACTORS, EMPLOYEES OF CONTRACTORS, AND EMPLOYEES OF SUBCONTRACTORS

 I. **Paragraph 2. Exclusions** subparagraph e. of **Section I — Coverages, Coverage A Bodily Injury and Property Damage Liability** is deleted in its entirety and replaced with the following:

  (i) "Bodily injury" to any "employee" of any insured arising out of or in the course of:

   (a) Employment by any insured; or

   (b) Performing duties related to the conduct of any insured's business;

  (ii) "Bodily injury" to any contractor, subcontractor or any "employee" of any contractor or subcontractor arising out of or in the course of the rendering

or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee" of such contractor or subcontractor for which any insured may become liable in any capacity; or

(iii)   Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or

(iv)   "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, subcontractor, or of any "employee" of any contractor or subcontractor as a consequence of any injury to any person as set forth in paragraphs (i) and (ii) of this endorsement.

This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers' Compensation law.

As used herein the definition of "employee" includes a "leased worker" and a "temporary worker."

**II.**   As respects this exclusion solely, Section IV. **Commercial General Liability Conditions**, item 7, **Separation of Insureds** is deleted in its entirety and replaced with the following:

**7. Separation of Insureds**

Except with respect to the Limits of Insurance, this Exclusion of Injury to Employees, Contractors, Subcontractors, Employees of Contractors, and Employees of Subcontractors, and to any rights or duties specifically assigned in this coverage part to the first Named Insured, this insurance applies:

a.   As if each Named Insured were the only Named Insured; and

b.   Separately to each insured against whom claim is made or "suit" is brought

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

43. NASCIMENTO was an employee of an insured at the time of his accident and all claims asserted by NASCIMENTO and all claims by all parties related to his accident arise from an injury to an employee of an insured, a contractor, or employee of a contractor.

44. U.S. UNDERWRITERS has timely and properly disclaimed based upon the above-noted exclusion.

45. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

46.    The policy includes the following provision:

### EXCLUSION - INJURY TO CASUAL LABORERS

In consideration of the premium charged, it is hereby understood and agreed that this insurance does not apply to:

(i) bodily injury to any casual laborer for which any insured may be held liable in any capacity;

(ii) any obligation of any insured to indemnify or contribute with another because of damages arising out of the bodily injury as a consequence of (i) above; or

(iii) bodily injury sustained by the spouse, child, parent, brother or sister of a casual laborer of any insured as a consequence of bodily injury to such casual laborer.

Casual laborer means any person providing work or materials to any insured for compensation of any type.

This exclusion applies to all claims and suits by any person or organization for damages of such bodily injury including damages for care and loss of services.

All other terms and conditions remain unchanged.

47. NASCIMENTO was a casual laborer at the time of his accident and all claims asserted by NASCIMENTO and all claims by all parties related to his accident arise from an injury to a casual laborer.

48. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

49. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

50. The policy includes the following provision:

### EXCLUSION OF INJURY TO TEMPORARY WORKERS AND VOLUNTEERS

This insurance does not apply to "bodily injury" "personal injury" or "advertising injury" to"

   (1)   any "temporary workers" or "volunteers;"

   (2)   the spouse, child, parent, brother or sister of that "temporary worker" or "volunteer" as a consequence of (1) above.

"Volunteers" means a person performing services for the insured without compensation.

This exclusion applies whether the insured may be liable as the party responsible for directing the "temporary worker" or "volunteer" in the performance of his or her duties, or in any capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

51. NASCIMENTO was a temporary worker or volunteer at the time of his accident and all claims asserted by NASCIMENTO and all claims by all parties related to his accident arise from an injury to a temporary worker or volunteer.

52. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

53. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

54. The policy includes the following provision:

**EXCLUSION - DESIGNATED WORK**

**SCHEDULE**

**Description of designated work:**

1. All of "your work" involving roofing and siding operations
2. 
3, 
4. 
5. 

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of "your work" shown in the above Schedule.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

55. NASCIMENTO and the insureds were engaged in work, at the time of NASCIMENTO's accident falling within the above exclusion of coverage.

56. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

57. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

58. The policy includes the following provision:

### CLASSIFICATION LIMITATION ENDORSEMENT

Coverage under this contract is specifically limited to those classification codes listed in the policy. No coverage is provided for any classification code or operation performed by the Named Insured not specifically listed in the Declaration of this policy.

All other terms and conditions remain unchanged.

59. NASCIMENTO and the insureds were engaged in work, at the time of NASCIMENTO's accident, beyond the limited classifications of work covered by the policy.

60. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

61. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

62. The policy includes the following provision:

### HEIGHT LIMITATION

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of:

1.) "Your work" on the exterior of any building or structure in excess of three stories or 35 feet in height; or

2.) "Your work" on any building or structure that is proposed to be over three stories or 35 feet in height; however, this exclusion will not apply to "your work" performed within the interior walls of any building or structure. All other tern-is and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

63. NASCIMENTO and the insureds were engaged in work, at the time of NASCIMENTO's accident, excluded from coverage by the above provision.

64. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

65. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

66. The policy includes a provision excluding coverage for claim of contractual liability.

67. To the extent claims are asserted against R&L Carpentry Corp. in the underlying action or any action based upon contractual liability, such claims are excluded from coverage by the above provision.

68. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

69. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

70.     The policy includes the following provision:

### ABSOLUTE PROFESSIONAL LIABILITY EXCLUSION

It is hereby agreed that this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical expenses arising out of, directly, indirectly or in consequence of:

    1)    Actual or alleged rendering of or failure to render any professional service, or

    2)    **Any** professional act, error or omissions.

All other terms and conditions of this Policy remain unchanged. This endorsement is a part of your Policy and takes effect on the effective date of your Policy unless another effective date is shown.

71. To the extent claims are asserted against R&L Carpentry Corp. in the underlying action or any action based upon professional liability, such claims are excluded from coverage by the above provision.

72. U.S. UNDERWRITERS has timely and properly disclaimed based upon the lack of timely notice.

73. U.S. UNDERWRITERS is entitled to an adjudication that it has no obligation to defend or indemnify R&L Carpentry Corp. for the claims asserted by NASCIMENTO and all claims arising from that action.

**WHEREFORE**, defendant, U.S. UNDERWRITERS INSURANCE COMPANY, demands judgment dismissing plaintiff's Complaint herein, and declaring that they have no obligation to defend or indemnify B&A RESTORATION CONTRACTORS, INC., Columbia University, or any other party as to any and all claims, actions, and lawsuits arising out of or pertaining to the occurrence which is the basis of the Underlying Action, together with the costs, disbursements and attorneys' fees for this action, and any other relief that this Court may deem appropriate.

Dated: Mineola, New York
      July 27, 2007

                                  MIRANDA SOKOLOFF SAMBURSKY
                                  SLONE VERVENIOTIS LLP
                                  Attorney for Defendant
                                  U.S. UNDERWRITERS INS. CO.

By: _____
                                  Steven Verveniotis
                                  240 Mineola Boulevard
                                  Mineola, New York 11501
                                  (516) 741-7676
                                  Our File No.: 07-419

**TO:**

THE DURST LAW FIRM, P.C.
John E. Durst, Jr., Esq.
Attorneys for Plaintiff
319 Broadway
New York, NY 10007
(212) 964-1000

CLAUSEN MILLER P.C.
Steven J. Fried, Esq.
Attorneys for Defendant
ESSEX INSURANCE COMPANY
One Chase Manhattan Plaza, 39th Fl.
New York, NY 10005
(212) 805/3940

The Burlington Insurance Company
238 International Road
Burlington, N.C. 27215

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                          ) s.s.:
COUNTY OF NASSAU  )

**Kathleen C. Witt,** being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in **Mineola, New York**.

That on July 30, 2007, deponent served the within **ANSWER WITH COUNTERCLAIMS AND CROSS-CLAIMS** upon:

THE DURST LAW FIRM, P.C.
John E. Durst, Jr., Esq.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007
(212) 964-1000

CLAUSEN MILLER P.C.
Steven J. Fried, Esq.
Attorneys for Defendant
ESSEX INSURANCE COMPANY
One Chase Manhattan Plaza, 39th Floor
New York, New York  10005

The Burlington Insurance Company
238 International Road
Burlington, N.C.  27215

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

*Kathleen C. Witt*
**Kathleen C. Witt**

Sworn to before me this
30th day of July, 2007.

_____
NOTARY PUBLIC

ADAM I. KLEINBERG
Notary Public, State of New York
No. 6075219
Qualified in Suffolk County
Commission Expires June 3, 2010